THE STATE, PHILIP REESE, PROSECUTOR, v. CHARLES SHERRER, COLLECTOR OF POHATCONG, DEFENDANT.

The right of an assessor, under section 67 of the tax law (*Rev., p.* 1163), to estimate the property of a property owner, whom, after diligent search, he fails to find, does not permit an assessment to be made against him for property belonging to others.

On *certiorari.*

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the prosecutor, *William M. Davis.*

For the defendant, *S. W. De Witt.*

The opinion of the court was delivered by

KNAPP, J.  The prosecutor was taxed in Pohatcong township, in 1885, upon $4500 of personal property, $3500 of which was for Phillipsburg borough bonds. The testimony taken under the rule clearly shows that the prosecutor owned no such bonds. The bonds which the assessor supposed belonged to the prosecutor were really the property of two of his sisters. The commissioners of appeal, when applied to, at their regular meeting, to reduce the tax, failed to make any reduction.

The prosecutor is entitled to have reduction from his taxes

*pro tanto,* unless, as is alleged, he, by his conduct, has forfeited the right, for we are clearly of opinion that this writ should not be dismissed because of the alleged improper direction. It was addressed to the collector of the township, he at that time having the duplicate in his hands, as well as a warrant for the collection of the taxes. The writ was properly addressed to that officer.

It is said that he evaded the assessor when that officer was making diligent effort to find him. It is not at all beyond the bounds of belief, from the evidence taken in this case, that the prosecutor purposely kept out of the way of the assessor, when the latter was seeking him to gain information respecting his taxable property. It was the assessor's right to require from the taxpayer answer on oath in regard to the particulars of the property of one liable to taxation, and if, after diligent search, the assessor fails to find the property owner, it is made his duty to estimate the property at the highest value he has reason to believe it may be placed, and in case of appeal to the commissioners of appeal they shall not reduce the assessor's estimate if it appears to them that he had absented himself for the purpose of evading the assessor. *Rev., p.* 1163, § 67.

But, conceding the prosecutor purposely evaded the assessor, we are not, under the provision of law referred to, at liberty to refuse an adjustment of this tax. The right of the assessor to estimate the absentee's property at its highest value does not permit an assessment to be made against him for property belonging to others.

The disability of the commissioners of appeals to reduce the assessor's estimate made upon the taxpayer's evasion or refusal to be sworn, even if such estimate exceeds the true value of the property, touches the jurisdiction of that body only, and is, as this court has held, not binding here when such assessment is under review on *certiorari.  State* v. *Metz,* 3 *Vroom* 203.

The tax upon the bonds valued at $3500 must be set aside, and affirmed as to the rest, without costs.